IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE SHOATZ | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-2165 |
| | : | |
| MICHELLE FARRELL, et al. | : | |

### ORDER

This 13th day of March, 2023, upon careful and independent consideration of Maurice Shoatz' petition for writ of habeas corpus (ECF 2), and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (ECF 17), and the Petitioner's objections (ECF 19), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's objections are **OVERRULED**;[1]

3. The petition for a writ of habeas corpus is **DENIED** and **DISMISSED**;

4. A certificate of appealability shall not issue, in that the Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of this ruling. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

---

[1] In his objections to Magistrate Judge Wells' Report and Recommendation, Shoatz for the first time argues that his attorney withdrew Shoatz' interlocutory appeal to the Superior Court without his permission. Shoatz thus argues that he has in fact exhausted state court remedies by seeking appellate review in the form of the interlocutory appeal that was allegedly withdrawn without his permission. Regardless of the facts underlying the withdrawal of Shoatz' interlocutory appeal, Shoatz has not exhausted state court remedies because he retains the right to appeal an adverse outcome to the Superior Court after the conclusion of the Court of Common Pleas proceedings. Furthermore, Shoatz has not demonstrated "extraordinary circumstances" to justify setting aside the exhaustion requirement. *See Sleets v. Pennsylvania*, No. CV 16-930, 2017 WL 8683557, at *5 (E.D. Pa. Dec. 21, 2017), *report and recommendation adopted*, No. CV 16-930, 2018 WL 1570814 (E.D. Pa. Mar. 29, 2018) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975).

5.       The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

                              BY THE COURT:

                              /s/ Gerald Austin McHugh
                              United States District Judge